UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUCY KARANJA,

       Plaintiff,

v.

Case No. 17-cv-10389

HON. MARK A. GOLDSMITH

WOODBRIDGE CORPORATION
d/b/a WOODBRIDGE GROUP, et al.
and DAVE RALSTON,

       Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (Dkt. 17)

This matter is before the Court on Defendant Dave Ralston's motion to dismiss for lack of personal jurisdiction (Dkt. 17). The issues were fully briefed, and a hearing was held on September 14, 2017. For the reasons discussed below, the Court denies Defendant's motion.

### I. BACKGROUND

Plaintiff Lucy Karanja is an African woman and a former employee of Defendant Woodbridge Corporation, which formerly employed Defendant Dave Ralston as a Regional Manager. According to the complaint, Ralston, while serving as Karanja's boss at Woodbridge's Romulus factory, forced Karanja into sexual acts on multiple occasions. See Compl. ¶¶ 23, 30-31, 41-42, 45-46 (Dkt. 1). Karanja also alleges that Ralston would imitate her accent and make other comments related to her national origin, creating an atmosphere at the office that allowed such conduct to become widespread. See id. at ¶¶ 13-21. Karanja claims that Woodbridge retaliated against her after she reported Ralston's conduct, even though Ralston had since left the company. See id. at ¶¶ 56-62.

1

Plaintiff brought this action, alleging sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq., racial or national-origin discrimination in violation of 42 USC §1981, and sexual harassment and retaliation in violation of Michigan's Elliot-Larsen Civil Rights Act, M.C.L. 37.2101 et seq. Defendant Ralston filed the instant motion to dismiss, arguing that the Court lacks personal jurisdiction over him. See Def. Mot. to Dismiss (Dkt. 17).

## II.     ANALYSIS

Ralston argues in his motion that the Michigan courts lack both general and limited personal jurisdiction over him. In making this argument, Ralston argues that Michigan's long-arm statute does not capture the conduct alleged in Karanja's complaint.

### A. Standard of Review

When presented with a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), a court may decide the motion on the basis of written submissions and affidavits alone. See Serras v. First Tenn. Bank Nat'l Ass'n, 875 F.2d 1212, 1214 (6th Cir. 1989). When a court decides to pursue that path, the plaintiff must meet a "relatively slight" burden of a prima facie showing that personal jurisdiction exists to survive the motion. Estate of Thompson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide, 545 F.3d 357, 360 (6th Cir. 2008). The plaintiff can do so by "establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction." Lexon Ins. Co. v. Devinshire Land Dev., LLC, 573 F. App'x 427, 429 (6th Cir. 2014). The court must view the pleadings and affidavits in the light most favorable to the plaintiff, Estate of Thompson, 545 F.3d at 360, and may only dismiss if the specific facts alleged by the plaintiff collectively fail to make a prima facie case for jurisdiction, CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1262

(6th Cir. 1996). Where, as here, a court has federal question jurisdiction over a case, personal jurisdiction exists if (i) the state's long-arm statute applies to the defendant and (ii) the exercise of personal jurisdiction does not violate due process. Cmty. Trust Bancorp. v. Cmty. Trust Fin. Corp., 692 F.3d 469,471 (6th Cir. 2012).

### B. Michigan's Long-Arm Statute

Michigan's long-arm statute has been construed "to bestow the broadest possible grant of personal jurisdiction consistent with due process." Audi AG & Volkswagon of Am., Inc. v. D'Amatom, 341 F. Supp. 2d 734, 741 (E.D. Mich. 2004). The statute extends both general and limited jurisdiction over nonresident individuals and corporations. See Mich. Comp. Laws § 600.701 (general, individuals); Mich. Comp. Laws § 600.705 (limited, individuals); Mich. Comp. Laws § 600.711 (general, corporations); Mich. Comp. Laws § 600.715 (limited, corporations). As it pertains to individuals, courts may exert general personal jurisdiction over a defendant if the person (i) is present in the state at the time process is served; (ii) is domiciled in the state at the time that process is served; or (iii) consents to the exercise of personal jurisdiction. Mich. Comp. Laws § 600.701. Limited personal jurisdiction for particular claims may be established where the claims derives from the transaction of business in the state or from a tortious act or consequence within the state. Mich. Comp. Laws § 600.705(1)-(2). While general personal jurisdiction is lacking, limited personal jurisdiction does exist.

Ralston has submitted an affidavit averring that he was served with a copy of the complaint while in Alabama, and thus he was not present in Michigan at the time of service. See Pl. Mot. to Dismiss, Ex. 1, ¶ 12. Ralston also averred that he does not work in Michigan, has no responsibilities in Michigan, has no property in Michigan, and has not resided in Michigan since 2004. Id. at ¶¶ 9-11. This supports a contention that Ralston is not domiciled in Michigan. See

3

BLACK'S LAW DICTIONARY 588 (9th ed. 2009), "domicile" ("The place at which a person has been physically present and that the person regards as home"). Ralston further averred that he has not consented to jurisdiction. See Pl. Mot. to Dismiss, Ex. 1, ¶ 13. Ralston's attorney filed only a special appearance for the purpose of making the objection to personal jurisdiction, such that the appearance does not subject him to general jurisdiction. See McLean v. Isbell, 6 N.W. 210 (Mich. 1880). Karanja has presented no facts to contradict these specific assertions by Ralston. Accordingly, it appears that Ralston is correct that he is not subject to general personal jurisdiction in Michigan courts.

Under the long-arm statute, limited personal jurisdiction exists over an individual if, among other potential criteria, the claim arises out of "the transaction of any business within the state" or "the doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort." Mich. Comp. Laws § 600.705(1)-(2). As it pertains to transactions of business, even the slightest act of business is sufficient to grant personal jurisdiction. Citizens Bank v. Parnes, 376 F. App'x 496, 501 (6th Cir. 2010). To be subject to personal jurisdiction under the doing-or-causing-to-be-done prong of the statute, the defendant's purported tortious conduct or the injury alleged must have occurred in Michigan. Green v. Wilson, 565 N.W.2d 813, 817 (Mich. 1997).

Ralston asserts that the long-arm statute does not apply to him because he does not live or work in Michigan, nor does he have any contacts in Michigan. See Def. Mot. to Dismiss at 6 (Dkt. 17). This argument misses the point of Mich. Comp. Laws § 600.705, which exists to provide jurisdiction over those who do not live or work in the state. Compare Mich. Comp. Laws § 600.701(2) (providing general personal jurisdiction over individuals domiciled in the state) with Mich. Comp. Laws § 600.705 (creating limited personal jurisdiction for specific claims over individuals who meet at least one of seven criteria). A defendant may not commit tortious acts in

Michigan, and then move or flee to another state, thereby avoiding answering for those acts in Michigan.

Here, Ralston has admitted that he worked in Michigan while employed by Woodbridge. See Def. Mot. to Dismiss, Ex. 1 at ¶ 3. ("I held the position of regional plant manager for Defendant Woodbridge Corporation. In that position, I worked in its Ohio, Missouri, and Michigan locations. I was based and received my paychecks from the Ohio location."). Considering that the present action "aris[es] out of an act" which allegedly occurred while Ralston was working in Michigan, Ralston's admission in his affidavit is sufficient to qualify as the "slightest act of business" in the state. Mich. Comp. Laws § 600.705; Citizens Bank, 376 F. App'x at 501. Further, Karanja alleges that Ralston subjected her to various forms of workplace discrimination while in the state of Michigan. See Compl. ¶¶ 13-21, 23, 30-31, 41-42, 45-46. These allegations are sufficient to make a prima facie case that Ralston "[did] an act . . . in the state resulting in action for tort." Mich. Comp. Laws § 600.705(2).

Accordingly, Ralston is subject to limited personal jurisdiction under Michigan's long-arm statute.

**C. Due Process**

The Due Process Clause requires that a defendant have sufficient "minimum contacts" with the forum state, such that a finding of personal jurisdiction does not "offend traditional notions of fair play and substantial justice." Conn v. Zakharov, 667 F.3d 705, 712 (6th Cir. 2012). Where the suit arises from a defendant's contacts with the forum state, i.e. where a court has limited jurisdiction, the due-process analysis rests on three prongs:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences

> caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

Id. at 713.

The Court first focusses on purposeful availment. The Supreme Court has held that a defendant has purposefully availed himself of the privileges of a state where "the defendant 'deliberately' has engaged in significant activities within a State." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-476 (1985) (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 781 (1984)). The Sixth Circuit has commented that the "emphasis" of this inquiry "is whether the defendant has engaged in some overt actions connecting the defendant with the forum state." Bridgeport Music. Inc. v. Still N The Water Pub, 327 F.3d 472, 478 (6th Cir. 2003). Here, Ralston has admitted that he worked in Michigan. See Def. Mot. to Dismiss, Ex. 1 at ¶ 3. This is sufficient to establish that he has engaged in significant activities within the state. By his own admission, Ralston worked within the state for a period of time, and thus he has purposefully availed himself of the privilege of acting in Michigan.

Next, "the cause of action must arise from the defendant's activities" within Michigan. Conn, 667 F.3d at 713. To satisfy this prong, "the plaintiff must demonstrate a causal nexus between the defendant's contacts with the forum state and the plaintiff's alleged cause of action." Beydoun v. Wataniya Rests. Holding, Q.S.C., 768 F.3d 499, 506-507 (6th Cir. 2014). Karanja has alleged that Ralston subjected her to a series of actions that constitute harassment, and these actions took place in the state of Michigan. This is a textbook example of a cause of action that arises from the defendant's activities within the state. Ralston's argument that the "operative facts of the controversy are not related to [his] current contact with Michigan" is nonsensical. Def. Mot. to Dismiss at 10. It matters not that Ralston has not lived in Michigan since 2004, or that he has only visited the state once in the past year; it only matters that Karanja has alleged that Ralston

6

committed tortious acts against her while he worked in Michigan. It is not, as Ralston claims, his visit in 2016 that subjects him to suit in the state of Michigan. See Def. Mot. to Dismiss at 11. Rather, it is the time he spent working in the state and allegedly committing tortious acts that permits the assertion of personal jurisdiction by Michigan courts.

Regarding the reasonableness prong, only an "unusual case" will fail to meet the prong if the first two criteria have been met. Schneider v. Hardesty, 669 F.3d 693, 703 (6th Cir. 2012). The factors to be considered to determine reasonableness include "(1) the burden on the defendant; (2) the interest on the forum state; [and] (3) the plaintiff's interest in obtaining relief[.]" Id. at 703-704.

This is not the class of "unusual case" that would render the exercise of personal jurisdiction offensive to notions of fair play and substantial justice. While it might be inconvenient for Ralston to litigate this matter from Alabama, it would greatly offend notions of fairness to allow a potential wrongdoer to avoid adjudication in this state simply by leaving the state, even if the move was for completely unrelated reasons. Further, the State of Michigan has significant interest in providing a forum for redressing incidents of alleged workplace discrimination that have occurred within the state, and Karanja obviously has a substantial interest in obtaining such relief. Accordingly, the exercise of personal jurisdiction here is reasonable.

### III. CONCLUSION

For these reasons, the Court concludes that Karanja has established that Ralston is subject to personal jurisdiction in Michigan. Accordingly, Ralston's motion to dismiss (Dkt. 17) is denied.

SO ORDERED.

Dated: November 9, 2017          s/Mark A. Goldsmith
Detroit, Michigan                 MARK A. GOLDSMITH
                                    United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 9, 2017.

s/Karri Sandusky  
Case Manager
